UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| THAO THI NGOC DINH, et al., | Case No. 26-cv-02697-TSH |
| Plaintiffs, | |
| v. | **ORDER DENYING MOTION TO DISMISS** |
| JOSEPH B. EDLOW, | Re: Dkt. No. 8 |
| Defendant. | |

## I.    INTRODUCTION

Plaintiffs Vaibhav Grover, Thao Thi Ngoc Dinh, Mei Jin, Daniyal Kidwai, and Thi Hong Ngoc Tran are foreign nationals who applied for immigrant visa petitions under the immigrant investor visa program (EB-5 program).  They bring this action against Joseph B. Edlow, in his official capacity as Director of United States Citizenship and Immigration Services (USCIS), seeking to compel USCIS to act on their Form I-526E, Immigrant Petitions by Regional Center Investor, Form I-765, Applications for Employment Authorization, and I-131, Applications for Travel Documents.  Plaintiffs Grover and Jin have since dismissed their claims.  *See* ECF No. 15.

Pending before the Court is Defendant's motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(1).  ECF No. 8.  The remaining Plaintiffs filed an Opposition (ECF No. 16) and Defendant filed a Reply (ECF No. 17).  The Court finds this matter suitable for disposition without oral argument and **VACATES** the July 30, 2026 hearing.  *See* Civ. L.R. 7-1(b).  For the reasons stated below, the Court **DENIES** the motion.[1]

---

[1] The parties consent to magistrate judge jurisdiction pursuant to 28 U.S.C. § 636(c).  ECF Nos. 7, 10.

United States District Court
Northern District of California

**II.    BACKGROUND**

**A.    Statutory Background**

**1.    The EB-5 Immigrant Investor Visa Program**

In 1990, Congress amended the Immigration and Nationality Act (INA), 8 U.S.C. § 1101 *et seq.*, to create a new preference allocation of immigrant visas for noncitizens who invest in job-creating enterprises in the United States. *See* Immigration Act of 1990, Pub. L. No. 101-649, § 121(b)(5), 104 Stat. 4978, 4989 (codified at 8 U.S.C. § 1153(b)(5)). The EB-5 program, "so-named because it is the fifth employment-based visa category available to foreign nationals," *Mirror Lake Vill., LLC v. Wolf*, 971 F.3d 373, 374 (D.C. Cir. 2020), is administered by USCIS and the State Department, *Delaware Valley Reg'l Ctr., LLC v. U.S. Dep't of Homeland Sec.*, 106 F.4th 1195, 1198 (D.C. Cir. 2024).

The EB-5 program provides a path to lawful permanent residency for foreign investors who make job-creating investments in the United States. Specifically, it provides for the classification of "employment creation" immigrants who: 1) invest the requisite amount of capital in a new commercial enterprise (NCE) within the United States; and 2) through that investment, create full-time employment for at least ten United States workers. 8 U.S.C. § 1153(b)(5)(A), (C); 8 C.F.R. § 204.6; *Cheng v. Chien*, 2020 WL 11859685, at *3 (C.D. Cal. Nov. 24, 2020). Under the program, lawful permanent resident (LPR) status is available to aliens who, among other requirements, invest at least $1,050,000 in an NCE. *See* 8 U.S.C. § 1153(b)(5)(A), (C)(i). If a foreign national invests in a targeted employment area (TEA), which includes certain rural areas and areas of high unemployment, or in an infrastructure project, the minimum required investment is reduced to $800,000. *See* 8 U.S.C. § 1153(b)(5)(C)(ii), (D).

An investor seeking permanent residency through the EB-5 Program follows a multi-step process. *See Pimpalkhute v. Edlow*, 2026 WL 1283512, at *1 (W.D. Wash. May 11, 2026). The investor must petition USCIS for classification as an EB-5 investor using a Form I-526 or Form I-526E immigrant petition. *Id.* (citing 8 C.F.R. § 204.6(a), (c)); *see Matter of Ho*, 19 I. & N. Dec. 582, 589 (BIA 1988) ("Approval of a visa petition is but a preliminary step in the visa or adjustment of status application process, and the beneficiary is not, by mere approval of the

2

petition, entitled to an immigrant visa or to adjustment of status.").  Like other petitioners, EB-5 petitioners must demonstrate they are eligible for immigrant investor visa classification both at the time of filing and at the time of USCIS adjudicating their Form I-526 or Form I-526E petition.  8 C.F.R. § 103.2(b)(1).

A petitioner located in the United States can apply for two-year conditional lawful permanent resident status using a Form I-485, Application to Register Permanent Residence or Adjust Status.  8 U.S.C. §§ 1186b(a)(1), 1255(n); 8 C.F.R. §§ 216.1, 245.2.  The INA established adjustment of status as a two-step process by which a noncitizen may obtain lawful permanent resident status from within the United States, as opposed to obtaining such status through processing abroad at a United States consulate.  *See* 8 U.S.C. § 1255.  The first step requires the individual to have an approved visa petition.  *See generally* 8 U.S.C. § 1154(a) (defining the visa petition process); § 1154(b) (authorizing investigation and decision).  The second step requires an individual with an approved visa petition to apply for adjustment of status using USCIS's Form I-485, Application to Register Permanent Residence or Adjust Status.  In order to adjudicate and approve a Form I-485 application, a visa number must be available both at the time the applicant files the I-485 application and at the time USCIS favorably exercises its discretion and approves the application.  *See* 8 U.S.C. § 1255(a) and (b); 8 C.F.R. §§ 245.1(g)(2), 245.2(a)(2)(i)(A)-(C). Upon approval of the Form I-485 application, or upon visa issuance and subsequent admission into the United States, the EB-5 petitioner becomes a two-year conditional permanent resident.  8 U.S.C. § 1186b(a)(1).  At the conclusion of that two-year conditional period, the petitioner may file a Form I-829, Petition by Investor to Remove Conditions on Permanent Resident Status.  8 U.S.C. § 1186b(d)(2); 8 C.F.R. § 216.6(c).  If the Form I-829 petition is approved, the petitioner obtains permanent resident status without conditions in the United States.  8 U.S.C. § 1186b(c)(3); 8 C.F.R. § 216.6(d)(1).

### 2.    The EB-5 Regional Center Program and the EB-5 Reform and Integrity Act of 2022.

In March 2022, Congress passed the EB-5 Reform and Integrity Act (RIA), which amended various aspects of the EB-5 visa process.  *See* Pub. L. No. 117-103, 136 Stat. 1070

(2022) (codified at 8 U.S.C. § 1153(b)(5)).  Among other changes, Section 103 of the RIA revamped the regional center program, imposing new reporting and eligibility requirements on regional centers and investors.  *See* 8 U.S.C. § 1153(b)(5)(E) (describing eligibility requirements), (G) (describing annual reporting requirements), (H) (describing requirements for persons involved with regional centers), (I) (describing securities law compliance certifications), (J)(ii) (describing annual payments to the EB-5 Integrity Fund).

The RIA's amendments to the INA also changed how the USCIS Immigrant Investor Program Office (IPO) processes Form I-526E petitions.  For example, the INA requires the filing of a Form I-956F, Application for Approval of an Investment in a Commercial Enterprise, before the filing of any associated Form I-526E petitions and structures eligibility of those Form I-526E petitions to be dependent on approval of the associated Form I-956F.  *See* 8 U.S.C. §§ 1153(b)(5)(F), 1154(a)(1)(H).  In addition, the INA requires USCIS to prioritize processing petitions for rural areas.  *See* 8 U.S.C. § 1153(b)(5)(E)(ii)(I).  The INA also reserves visas from the general annual EB-5 visa allocation for rural investment (20%), for high unemployment area investment (10%) and for infrastructure projects investment (2%).  *See* 8 U.S.C. § 1153(b)(5)(B)(i).  Section 106(b) of the RIA also includes various average processing time goals, which, in general, prioritize adjudication of certain TEA petitions over non-TEA petitions.  IPO's Form I-526 and Form I-526E petition inventory management approach is published on the USCIS website.[2]

**B.     Plaintiffs' EB-5 Petitions and Present Claims**

Plaintiff Thao Thi Ngoc Dinh is a citizen and native of Vietnam.  Compl. ¶ 9, ECF No. 1. Dinh filed her Form I-526E on December 27, 2023.  *Id*. ¶ 106.

Plaintiff Daniyal Kidwai is a native and citizen of the U.A.E.  Compl. ¶ 11.  Kidwai filed his Form I-526E on July 20, 2023.  *Id*. ¶ 125.

Plaintiff Thi Hong Ngoc Tran is a citizen and native of Vietnam.  *Id*. ¶ 12.  Tran filed her

---

[2] *See* USCIS, EB-5 Questions and Answers, Inventory Management, *available at* https://www.uscis.gov/working-in-the-united-states/permanent-workers/employment-based-immigration-fifth-preference-eb-5/eb-5-questions-and-answers (last visited July 10, 2026).

United States District Court
Northern District of California

Form I-526E on April 4, 2025. *Id*. ¶ 134.

Plaintiffs filed their complaint on March 27, 2026, alleging unreasonable delay of Form I-526E under the Administrative Procedure Act (APA), 5 U.S.C. § 706(1), and a claim for fees under the Equal Access to Justice Act. Plaintiffs seek an order requiring Defendant to adjudicate their immigration petitions.

Defendant filed the present motion on June 2, 2026.

### III.    LEGAL STANDARD

Federal district courts are courts of limited jurisdiction: "They possess only that power authorized by Constitution and statute, which is not to be expanded by judicial decree." *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994) (citations omitted). Accordingly, "[i]t is to be presumed that a cause lies outside this limited jurisdiction, and the burden of establishing the contrary rests upon the party asserting jurisdiction." *Id.*; *Chandler v. State Farm Mut. Auto. Ins. Co.*, 598 F.3d 1115, 1122 (9th Cir. 2010).

Federal Rule of Civil Procedure 12(b)(1) authorizes a party to move to dismiss a lawsuit for lack of subject matter jurisdiction. A jurisdictional challenge may be facial or factual. *Safe Air for Everyone v. Meyer*, 373 F.3d 1035, 1039 (9th Cir. 2004). Where the attack is facial, the court determines whether the allegations contained in the complaint are sufficient on their face to invoke federal jurisdiction, accepting all material allegations in the complaint as true and construing them in favor of the party asserting jurisdiction. *Warth v. Seldin*, 422 U.S. 490, 501 (1975). Where the attack is factual, however, "the court need not presume the truthfulness of the plaintiff's allegations." *Safe Air for Everyone*, 373 F.3d at 1039. In resolving a factual dispute as to the existence of subject matter jurisdiction, a court may review extrinsic evidence beyond the complaint without converting a motion to dismiss into one for summary judgment. *Id.*; *McCarthy v. United States*, 850 F.2d 558, 560 (9th Cir. 1988) (holding that a court "may review any evidence, such as affidavits and testimony, to resolve factual disputes concerning the existence of jurisdiction").

Dismissal of a complaint without leave to amend should only be granted where the jurisdictional defect cannot be cured by amendment. *Eminence Cap., LLC v. Aspeon, Inc.*, 316

F.3d 1048, 1052 (9th Cir. 2003).

## IV.   DISCUSSION

Defendant argues Plaintiffs' claims must be dismissed for two reasons: (1) the complaint is subject to dismissal for lack of subject matter jurisdiction under 8 U.S.C. § 1252(a)(2)(B)(ii), which provides that "no court shall have jurisdiction to review . . . any other decision or action of the Attorney General or the Secretary of Homeland Security the authority for which is specified under this subchapter to be in the discretion of the Attorney General or the Secretary of Homeland Security."; and (2) the APA withdraws judicial review under 5 U.S.C. § 701(a).

## A.   8 U.S.C. § 1252(a)(2)(B)(ii)

Defendant first argues dismissal is appropriate because "Congress has specifically granted USCIS discretion in the manner and order in which it processes Form I-526E petitions." Mot. at 8. Defendant cites 8 U.S.C. § 1153(b)(5)(E)(ii) of the INA, which provides: "In processing petitions under section 1154(a)(1)(H) of this title for classification under this paragraph, the Secretary of Homeland Security . . . may process petitions in a manner and order established by the Secretary." Defendant notes "the Supreme Court has 'repeatedly observed, the word "may" *clearly* connotes discretion.'" Mot. at 8 (quoting *Bouarfa v. Mayorkas*, 604 U.S. 6, 13 (2024) (emphasis in original) and citing *Chairez v. Mayorkas*, 168 F.4th 1227, 1232 (9th Cir. 2026) (stating that the word "may" "brings along the usual presumption of discretion" (internal quotation marks and citations omitted)). Thus, Defendant argues the Court lacks jurisdiction to grant the relief sought in the complaint, which is to order USCIS to adjudicate Plaintiffs' Form I-526E petitions within 30 days.

The Ninth Circuit has not directly addressed whether § 1252(a)(2)(B)(ii) strips jurisdiction over claims challenging USCIS's failure to adjudicate applications. However, several courts in this District have considered this question and held it does not bar review where the plaintiff seeks to compel adjudication of a pending application rather than review of a discretionary decision already made. *See Murugesan v. Edlow*, 2026 WL 1694668, at *3 (N.D. Cal. June 11, 2026) (collecting cases); *Pandya v. Edlow*, 2026 WL 1694669, at *3 (N.D. Cal. June 11, 2026) ("8 U.S.C § 1252 (a)(2)(B)(ii) does not strip this Court of subject matter jurisdiction over Plaintiff's

United States District Court
Northern District of California

'pace-of-adjudication' claim.") (collecting cases); *Yousefisahi v. Edlow*, 2026 WL 1388704, at *6 (N.D. Cal. May 18, 2026) ("The duty to complete adjudication within a reasonable time is mandatory, and therefore subject to judicial review notwithstanding § 1252(a)(2)(B)(ii), whether under the mandamus statute or under the APA."); *Behdin v. Edlow*, 2026 WL 1031079, at *11 (N.D. Cal. Apr. 16, 2026) ("'[T]he majority of district courts' in the Ninth Circuit have declined to follow cases that have concluded that the pace of adjudication is discretionary and thus not subject to judicial review."); *Gao v. Mullin*, 2026 WL 948665, at *2 (N.D. Cal. Apr. 8, 2026) (finding § 1252(a)(2)(B)(ii) does not strip court of subject matter jurisdiction over "pace-of-adjudication" claims because the government has a non-discretionary duty to adjudicate applications); *Varniab v. Edlow*, 2026 WL 485490, at *8 (N.D. Cal. Feb. 20, 2026) ("[A] failure to act on an I–485 application falls within the APA's default rule: 'With due regard for the convenience and necessity of the parties or their representatives and within a reasonable time, each agency shall proceed to conclude a matter presented to it.'").

As have courts from outside this District. *See, e.g., Gogate v. Edlow*, 2026 WL 1658512, at *3 (C.D. Cal. June 5, 2026) ("The Court here follows its sister courts in the Northern District who have held that that Section 1252(a)(2)(B)(ii) is not a bar to judicial review."); *Pouri v. U.S. Dep't of Homeland Security*, 2026 WL 1508425, at *15 (D.D.C. May 30, 2026) ("[A]lthough Defendants have discretion as to whether to grant or deny particular applications for immigration benefits, they do not have discretion to indefinitely and categorically delay or withhold adjudication of such applications"); *Pimpalkhute*, 2026 WL 1283512, at *4 ("Section 1252(a)(2)(B)(ii) does not strip jurisdiction over Plaintiffs' failure-to-adjudicate claim"); *Subramanyan v. Selby*, 2026 WL 1196250, at *3 (C.D. Cal. Apr. 27, 2026) ("Where no decision has been made and no action has been taken, there is, at least arguably, nothing for the statute to shield."); *Ayala v. Noem*, 781 F. Supp. 3d 1187, 1203-04 (D.N.M. 2025) ("Failure to act on Plaintiffs' applications, or delaying unreasonably in doing so, is not a decision or action at all— that is, in fact, the very problem."); *Saulnier v. Garland*, 2024 WL 3566225, at *5 (D.D.C. July 29, 2024) ("Judicial review of a delay in adjudicating an application differs, however, from review of a discretionary final decision, and the APA and INA bar only the latter.").

United States District Court
Northern District of California

The Court agrees with these decisions and finds that Plaintiffs' claims fall within this line of cases, as they challenge the Agency's failure to act rather than a final decision. *See* Compl. ¶¶ 4, 139-76. This "conclusion is consistent with the 'well-settled' and 'strong' presumption in favor of judicial review of administrative action, *Guerrero-Lasprilla v. Barr*, 589 U.S. 221, 229 (2020), which courts 'consistently' apply to 'legislation regarding immigration,' *Kucana v. Holder*, 558 U.S. 233, 251 (2010)." *Murgesan*, 2026 WL 1694668, at *4.

Defendant attempts to conflate Plaintiffs' claims with the plaintiff's claims in *Chairez*, but their claims are fundamentally different. *See* Mot. at 9; *see generally Chairez,* 168 F.4th 1227. The plaintiff in *Chairez* challenged the Agency's *denial* of his request for a waiver of inadmissibility, which resulted in the denial of his U-Visa petition. 168 F.4th at 1229. Plaintiffs do not dispute that the granting or denial of a waiver of inadmissibility is indeed committed to Agency discretion. Opp'n at 15. This is precisely the type of "factual findings and other preliminary decisions" relating to "final decisions on individual applications for immigration benefits" from which courts have expressly distinguished unreasonable delay claims. *See Varniab,* 2026 WL 485490, at *6; *Gao,* 2026 WL 948665, at *3.

Defendant also argues the cases that have addressed § 1252(a)(2)(B)(ii) have done so in the context I-485 delay claims, not I-526E. Reply at 2-3. However, the doctrine these cases apply does not turn on the petition type at issue. Rather, the applicability of § 1252(a)(2)(B)(ii) turns only on whether the claim involves a final decision or a failure to adjudicate. *See Varniab,* 2026 WL 485490, at *8. That distinction does not depend on whether the underlying statute is silent on the process, as 8 U.S.C. § 1255 is, or speaks to the procedures more specifically, as 8 U.S.C. § 1153(b)(5)(E)(ii) does. Either way, the government's non-discretionary duty to act arises from the APA's background rule that every agency shall proceed to conclude a manner presented to it within a reasonable time. 5 U.S.C. § 555(b). Nothing about that duty depends on which immigration form is at issue. Courts have recognized as much by applying this doctrine across a wide range of immigration benefits having nothing to do with adjustment of status. *See e.g. Concepcion v. Mullin,* 2026 WL 1388761, at n. 7 (S.D. Cal. May 18, 2016) (collecting cases finding jurisdiction over pace of adjudication claims involving, among others, DS-160

nonimmigrant visa applications, I-601 waiver petitions, I-918 U-visa petitions, I-765 employment authorization petitions, and I-730 relative petitions); *Pouri,* 2026 WL 1508425, at \*6 (applying *Varniab* to a Form I-765 employment authorization petition).  Therefore, the Court finds the reasoning of cases addressing I-485 petitions extends to Form I-526E petitions like this one, where Plaintiffs allege USCIS has failed to adjudicate their petitions.

**B.    APA**

Defendant next argues the APA withdraws judicial review under 5 U.S.C. § 701(a), which states: "This chapter applies, according to the provisions thereof, except to the extent that— (1) statutes preclude judicial review; or (2) agency action is committed to agency discretion by law."  Defendant argues 8 U.S.C. § 1252(a)(2)(B)(ii) is the statute that precludes judicial review in this case.  Mot. at 9.  However, as discussed above, § 1252(a)(2)(B) does not bar review where the plaintiff seeks to compel adjudication of a pending application, as the agency's discretion relates to the ultimate merits decision, not the timing of adjudication.  Courts apply the APA's unreasonable delay standard under 5 U.S.C. § 706(1), which authorizes courts to "compel agency action unlawfully withheld or unreasonably delayed."

Defendant also argues a claim for delay under section 706(1) "can proceed only where a plaintiff shows that USCIS failed to take a 'discrete agency action that it is *required to take*.'" Mot. at 9-10 (quoting *Norton v. S. Utah Wilderness All.*, 542 U.S. 55, 64 (2004) (emphasis in original)).  Defendant argues "Plaintiffs identify no requirement that USCIS take the discrete action sought, namely, adjudication of their Form I-526E petitions within 30 days."  *Id.*

While the APA's judicial review provisions do not provide an independent basis for subject-matter jurisdiction, *see Califano v. Sanders,* 430 U.S. 99, 104 (1977), when combined with the Court's federal question jurisdiction under 28 U.S.C. § 1331, the APA vests the Court with jurisdiction to "compel agency action unlawfully withheld or unreasonably delayed."  5 U.S.C. § 706(1); *Saini v. U.S. Citizenship & Immigr. Servs.*, 553 F. Supp. 2d 1170, 1175 (E.D. Cal. 2008).  Relief under the APA is limited to instances where an agency is alleged to have failed to take "a *discrete* agency action that it is *required to take.*"  *Norton,* 542 U.S. at 64 (emphasis in original).  The APA explicitly exempts from judicial review those actions "committed to agency discretion

by law." 5 U.S.C. § 701(a). "With respect to required ministerial action, however, the APA requires administrative agencies, at 5 U.S.C. § 555(b), to act upon such matters 'within a reasonable time.'" *Saini*, 553 F. Supp. 2d at 1175-76 (citing *Aboushaban v. Mueller,* 2006 WL 3041086, at *2 (N.D. Cal. Oct. 24, 2006)). "In addition, by using the term 'shall' in requiring that the courts compel action unlawfully withheld or unreasonably delayed, Congress imposed a mandatory duty in that regard." *Id.* at 1176 (citing *Forest Guardians v. Babbitt,* 164 F.3d 1261, 1269 (10th Cir. 1998); *Pierce v. Underwood,* 487 U.S. 552, 569–70 (1988) (Congress's use of "shall" constitutes mandatory language)).

*Norton* establishes that while "a court can compel an agency to act, it has no power to specify what the action must be." *Id.* at 1176 n.7 (citing *Norton,* 542 U.S. at 64). However, courts can still consider claims where plaintiffs seek to compel adjudication within a certain number of days, and in fact have imposed specific adjudication deadlines. *See Islam v. Heinauer*, 32 F. Supp. 3d 1063, 1074 (N.D. Cal. 2014) (ordering government to adjudicate plaintiff's I–485 application within 30 days); *Kashkool v. Chertoff*, 553 F. Supp. 2d 1131, 1147 (D. Ariz. 2008) (ordering the government to complete adjudication of plaintiff's I–485 application within 60 days); *Barker v. United States Citizenship & Immigr. Servs.*, 2023 WL 7107257, at *5 (C.D. Cal. Sept. 11, 2023) (denying motion to dismiss where plaintiffs sought to compel USCIS to adjudicate their I-526 petitions within 30 days); *Jingjing Liu v. Mayorkas*, 2021 WL 2115209, at *3, 6 (D.D.C. May 25, 2021) (denying motion to dismiss where plaintiff sought to compel the government to adjudicate his I-526 petition within 30 days). Accordingly, this is not grounds for dismissal. Regardless, Defendant appears to misunderstand the relief Plaintiffs seek, as they affirm that "[n]owhere in their Complaint did Plaintiffs allege that Defendant has a mandatory duty to adjudicate their petitions within 30 days, or that processing time goals establish a duty to adjudicate by a date certain. . . . Plaintiffs simply allege that Defendant has a mandatory duty to adjudicate their petitions within a reasonable time, which is a discrete action." Opp'n at 18. They state that "[t]he 30-day timeframe Plaintiffs provided is remedial in nature because Defendant has not yet fulfilled the duty to adjudicate within a reasonable time as indicated by Congress." *Id.*

The EB-5 statutory scheme, as discussed above, clearly establishes that USCIS has a

10

United States District Court
Northern District of California

discrete, mandatory duty to adjudicate Form I-526E petitions.  First, adjudication is required.  Congress paired the "manner and order" language Defendant relies on with a mandatory duty to prioritize rural petitions.  8 U.S.C. § 1153(b)(5)(E)(ii).  This scheme establishes that adjudication will occur, not that it may be withheld indefinitely.  Additionally, adjudication of a Form I-526E petition is discrete in the sense *Norton* requires because it is a single action that Congress requires the agency to perform.  Simply because the statute affords some discretion over the order that decision is made does not make the decision itself any less discrete, nor that adjudication can be unreasonably delayed in violation of the APA.  This finding is supported by the Central District of California's recent decision in *Gogate*, where the court followed dozens of other courts in finding that the agency has a mandatory duty to adjudicate I-485 petitions for EB-5 investors.  2026 WL 1658512, at *4 (citing *Kesireddy v. Scott,* 2025 WL 3688138, at *2 (N.D. Cal. Dec. 19, 2025) (joining "dozens . . . of district courts who have decided they have jurisdiction in [a] challenge to the pace of adjudicating" visa applications) (cleaned up)).  The same is true here.

## C.    Petition Inventory Management System

As noted above, the INA gives the Agency broad discretion to process petitions in a manner and order established by USCIS.  *See* 8 U.S.C. § 1153(b)(5)(E)(ii)(II).  In its motion, Defendant states the agency adopted a new Inventory Management System, effective March 30, 2026, three days after Plaintiffs filed their complaint.  Mot. at 5.  Under this system, Defendant states IPO will generally assign Form I-526 and Form I-526E petitions under a first in, first out (FIFO) approach that seeks to balance statutory and resource considerations by:

- Assigning Form I-526E petitions for adjudication after adjudicating the associated Form I-956F;

- Assigning Form I-526E rural petitions by a FIFO approach as priority for anticipated fiscal year rural visa usage; and

- Assigning other Form I-526E and post-RIA Form I-526 petitions by a FIFO approach after the Form I-526E rural queue is empty or when IPO determines it has made decisions on enough petitions from that queue.

*Id.*  Defendant does not explain what this new policy means in terms of this case, but even if the

11

United States District Court
Northern District of California

Court were to consider it, Defendant has not moved for dismissal for failure to state a claim under Rule 12(b)(6).  Even if Defendant had, dismissal based on this policy would be inappropriate because there is no evidence before the Court regarding its implementation as to Plaintiffs' petitions.  *See Nandu v. Renaud*, 2021 WL 5986917, at *3 (C.D. Cal. Sept. 24, 2021) ("Given the fact-intensive nature of unreasonable delay claims, and because the grounds for agency delay will often be unknown to plaintiffs at the pleading stage, a number of courts have found that unreasonable-delay claims are best resolved on or after summary judgment, not on motions to dismiss for failure to state a claim.") (collecting cases).

## V.    CONCLUSION

For the reasons stated above, the Court **DENIES** Defendant's motion to dismiss. Defendant shall file a responsive pleading by July 31, 2026.

**IT IS SO ORDERED.**

Dated: July 10, 2026

THOMAS S. HIXSON
United States Magistrate Judge